IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Mirel T., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 21-cv-50241 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Martin J. O'Malley, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mirel T., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. The parties have filed cross motions for summary judgment [10], [13]. For the reasons set forth below, the Court affirms the Commissioner's decision.

## BACKGROUND

### A. Procedural History

On May 21, 2019, Mirel T. ("Plaintiff") filed for Title XVI supplemental security income based on disability. R. 14. The application alleged a disability beginning on April 15, 2013. *Id*. The Social Security Administration ("Commissioner") denied her application on September 11, 2019, and upon reconsideration on July 14, 2020. *Id*. Plaintiff filed a written request for a hearing on August 5, 2020. *Id*. On January 25, 2021, a telephone hearing was held by Administrative Law Judge ("ALJ") Kevin Vodak where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id*. Beverly Solyntjes, an impartial vocational expert ("VE") also appeared and testified. *Id*.

Plaintiff had previously filed an application for supplemental security income on May 20, 2016, which was denied initially, upon reconsideration, and by ALJ decision dated April 10, 2018. R. 14. The ALJ did not find a basis for reopening that decision or any prior Title XVI applications. *Id*. On March 2, 2021, the ALJ issued his written opinion denying Plaintiff's claims for supplemental security income. R. 14-29. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42

---

[1] Martin J. O'Malley has been substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

1

U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [5]. Now before the Court are Plaintiff's motion for summary judgment [10], the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [13], and Plaintiff's reply brief [16].

### B.  The ALJ's Decision

In his ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of May 21, 2019. R. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine status-post laminectomy and fusion; obesity; bipolar disorder; depressive disorder; and borderline personality disorder. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work but with the following limitations: can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; never be exposed to unprotected heights or moving mechanical parts; occasional exposure to vibration; restricted to understanding, remembering, and carrying out simple, routine and repetitive tasks; able to interact frequently with supervisors and occasionally with coworkers and the public; no tandem tasks; no more than occasional changes in job setting. R. 20-27. At step four, the ALJ found that Plaintiff could not perform past relevant work. R. 27. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 27-28. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from May 21, 2019, through the date of decision, March 2, 2021. R. 25.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues that the ALJ erred throughout his decision by: (1) failing to properly cite to evidence in the record, (2) improperly substituting his own opinion for that of medical experts and (3) "cherry picking" from the evidence. The Court finds that the ALJ properly analyzed the evidence and affirms the decision.[2]

Throughout his decision, the ALJ did not cite to pages in the record, but broadly cited to entire exhibits. Plaintiff claims that because the ALJ did not use pinpoint citations, the decision was not supported by substantial evidence. An ALJ must "supply reasons for his or her decision," *Hughes v. Barnhart*, 59 Fed. Appx. 154, 161 (7th Cir. 2003), and, without citations to pages in the record, it can be "difficult to follow the ALJ's path of reasoning." *Joel A. v. Saul*, No. 19 CV 50156, 2020 WL 6075866, at *7 (N.D. Ill. Oct. 15, 2020). Nevertheless, in this case, the ALJ's discussion of the evidence and citation to the record was sufficient because the Court could find the evidence referred to by the ALJ in the record. *See Patrick R. v. Saul*, No. 19 CV 282, 2020 WL 777295, at *6 (N.D. Ill. Feb. 18, 2020) (ALJ's citations to entire exhibits were sufficient to allow the court to locate numerous records supporting the ALJ's decision).

Additionally, Plaintiff contends that the ALJ improperly "played doctor" when he determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence. In particular, Plaintiff takes issue with the ALJ's statements that Plaintiff receives "routine, conservative treatment" for her mood conditions, that she does not require an assistive device, and that her statements about her ability to exercise were not consistent with the objective evidence. R. 24-25. She also takes issue with the ALJ finding that nurse Bartel's opinion about Plaintiff's functioning is unpersuasive. R. 26. She claims that the ALJ should have called an independent medical expert to testify at the telephonic hearing, but the decision to retain a medical expert is largely within the ALJ's discretion. *See* 20 C.F.R. § 404.1513a(b)(2); *see also Kaitlyn M. v. Kijakazi*, No. 21 CV 50322, 2022 WL 4272714, at *3 (N.D. Ill. Sept. 15, 2022).

---

[2] The ALJ only considered whether Plaintiff was disabled from the date of her application, May 21, 2019, through the date of decision, March 2, 2021. R. 28. He accepted as binding the prior decision of a different ALJ which found that Plaintiff was not disabled from the alleged onset date of April 15, 2013, through the date of decision, April 10, 2018. R. 14. Plaintiff does not argue that the ALJ erred by only considering whether Plaintiff was disabled after May 21, 2019, and so the Court does not consider that issue. *See Martin v. Kijakazi*, No. 21-1920, 2022 WL 1681656, at *3 (7th Cir. 2022) (arguments are waived if not raised in opening brief).

The Court is satisfied that the ALJ appropriately weighed the evidence in the record and built a logical bridge from the evidence to his conclusions regarding Plaintiff's subjective symptoms. The ALJ reviewed the medical evidence in the record, including the opinions of the consultative examiners, the Plaintiff's own testimony, and the medical notes from Plaintiff's medical providers. The ALJ determined that Plaintiff receives routine, conservative treatment for her mood disorders because the medical records indicate that, when taken as prescribed, her medications control her symptoms. R. 21-22, 25, 404, 424, 466, 557. When determining that assistive devices are not medically necessary and that Plaintiff can walk for more than the fifteen feet she testified to at the hearing, R. 81, the ALJ noted that multiple medical professionals observed Plaintiff walking without using assistive devices and that Plaintiff reported walking three miles at a time to one medical provider. R. 22-24, 1061, 1189, 1193, 1315. He discounted Plaintiff's use of a wheelchair at one doctor's appointment after finding that Plaintiff needed the wheelchair at that visit because of symptoms from the flu, not a chronic condition. R. 22, 374. The ALJ also thoroughly analyzed nurse Bartel's opinion about Plaintiff's functioning and ultimately found it unpersuasive because the nurse did not cite to any objective findings in support of her analysis, the limitations were inconsistent with the nurse's own treatment notes, and the opinion relied on Plaintiff's subjective complaints. R. 26, 1201. ALJs are not required to give medical opinions any specific evidentiary weight but can find medical opinions unpersuasive after considering factors such as supportability and consistency. 20 C.F.R. § 404.1520c(c). *See Leisgang v. Kijakazi*, 72 F.4th 216, 221 (7th Cir. 2023). Unlike the cases which Plaintiff cites, the ALJ in this case did not substitute his own judgment for that of medical professionals, misread the medical evidence, or make an independent medical finding. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996); *see also Moon v. Colvin*, 763 F.3d 718, 724 (7th Cir. 2014); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003). Therefore, the ALJ did not impermissibly "play doctor." Although Plaintiff may disagree with how the ALJ weighed the medical evidence, this Court will not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Plaintiff also claims that the ALJ cherry picked evidence, ignoring the opinion of the doctor who conducted two consultative physical examinations of Plaintiff. However, the ALJ did not ignore these examinations, but thoroughly summarized Dr. Ramchandani's findings in his decision. R. 23-24. He concluded that these examinations supported his decision and were "inconsistent with [Plaintiff's] allegations of debilitating symptoms and limitations." R. 24. Ultimately, the ALJ found that these examinations supported his conclusions as to Plaintiff's limitations. The Plaintiff does not point to any other evidence that the ALJ ignored and the Court notes that "[a]n ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). The Court finds that the ALJ's findings were supported by substantial evidence and affirms the decision.

**CONCLUSION**

The decision below is affirmed. Final judgment will be entered accordingly.

Date: October 25, 2024

ENTER:

_Margaret J. Schneider_
United States Magistrate Judge